## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2018, 10:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Darryl Abron,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 31, 2018

Court of Appeals Case No.
49A04-1709-CR-2318

Appeal from the Marion Superior Court

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G09-1704-F6-14350

**Baker, Judge.**

[1] Darryl Abron appeals his conviction for Level 6 Felony Theft,[1] arguing that the evidence is insufficient to support his conviction. Finding the evidence sufficient, we affirm.

[2] On April 18, 2017, Bradley Bastin, an employee at an Indianapolis Kroger store, observed Abron shopping in the cold pack deli case. Bastin saw Abron reach into the deli case and pull out a couple of packages of chicken. Abron turned around, lifted his shirt, and placed the chicken packages in the back of his pants. Abron walked away with the chicken packages concealed in his clothing and proceeded to the front of the store. Bastin followed him, and when Abron reached the front of the store, Bastin confronted him. At that point, Abron was over thirty feet away from an open register and had made no attempt to pay for the merchandise. Abron became irate, eventually knocking a loss prevention officer to the floor. Store personnel called police, who arrested Abron.

[3] On April 18, 2017, the State charged Abron with Class A misdemeanor theft, Class A misdemeanor battery resulting in bodily injury, and Class B misdemeanor battery; the State also filed a charging information enhancing the theft charge to a Level 6 felony based on Abron's prior criminal history. Abron's jury trial took place on June 21, 2017. The jury found Abron guilty of theft and not guilty of the remaining charges. The jury also found that the State

---

[1] Ind. Code § 35-43-4-2(a).

proved Abron's criminal history beyond a reasonable doubt, enhancing the theft conviction to a Level 6 felony. On July 19, 2017, the trial court sentenced Abron to 730 days imprisonment. Abron now appeals.

[4] Abron's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.* To convict Abron of theft, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally exerted unauthorized control over the property of another person with the intent to deprive the other person of any part of its value or use. I.C. § 35-43-4-2(a).[2]

[5] Abron challenges only whether the evidence supports a conclusion that he had the intent to deprive the Kroger store of the chicken. A defendant's intent may be based solely on circumstantial evidence. *E.g.*, *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017). A defendant's intent may be inferred from his conduct and the natural and usual sequence to which such conduct logically

---

[2] Abron does not challenge the evidence that enhanced the theft conviction to a Level 6 felony.

and reasonably points. *E.g.*, *Long v. State*, 867 N.E.2d 606, 614 (Ind. Ct. App. 2007).

[6] Here, Bastin observed Abron remove two packages of chicken from the deli case, lift his shirt, and place them in the back of his pants. Abron then walked to the store exit with the merchandise still concealed under his clothing. When confronted, he had passed all points for payment and had made no attempt to pay. A reasonable factfinder could infer from this evidence that Abron intended to remove the chicken from the store without paying for it. *See Chambliss v. State*, 746 N.E.2d 73, 78 (Ind. 2001) (defendant's concealment of lunch meat under his coat while inside store supported his theft conviction). Abron's arguments to the contrary amount to requests that we reweigh the evidence, which we decline to do. The evidence is sufficient to support the conviction.

[7] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.